**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MAURICE CARTER
 a/k/a SHORTY,
MAURICE GARDINER
 a/k/a MOMO,
MARCUS MEREDITH
 a/k/a SANTANA,
TAURIES MURRY
 a/k/a T,
IVAN RIVERA
 a/k/a PUERTO RICO,

    Defendants.

Case No. 07-Cr-275

## DECISION AND ORDER

## NATURE OF THE CASE

On October 23, 2007, a federal grand jury sitting in this district returned a seven-count indictment against defendants Maurice Carter, a/k/a Shorty, Maurice Gardiner, a/k/a Momo, Marcus Meredith, a/k/a Santana, Tauries Murry, a/k/a T and Ivan Rivera, a/k/a Puerto Rico. All defendants are charged in Count One of the indictment with conspiracy to distribute and to possess with intent to distribute one kilogram or more of a mixture and substance containing heroin and five kilograms or more of a mixture and substance containing cocaine, Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846. Counts Two through Four charge defendant Tauries Murry with knowingly and intentionally distributing a mixture and substance containing heroin, in violation of 21 U.S.C.

§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. Count Five charges defendant Maurice Gardiner with knowingly and intentionally distributing a mixture and substance containing heroin, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. Counts Six and Seven charge defendant Marcus Meredith with knowingly and intentionally distributing a mixture and substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

On November 15, 2007, defendant Meredith (defendant) appeared before United States Magistrate Judge Aaron E. Goodstein for arraignment, entering a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, defendant Meredith filed a motion for pretrial determination of admissibility of co-conspirator's statements pursuant to Fed. R. Evid. 801(d)(2)(E) (Docket #36) and a motion for discovery and inspection concerning the government's use of informants, operatives and cooperating individuals. (Docket #37). The government failed to file a response to these motions. Defendant Meredith's motions will be addressed herein.

### MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS

The defendant moves the court for an order for a pretrial evidentiary hearing pursuant to Fed. R. Evid. 104 and United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978), to determine the admissibility of alleged co-conspirator declarations under Fed. R. Evid. 801(d)(2)(E). In the alternative, the defendant seeks entry of an order compelling the government to submit a written offer of proof regarding the co-conspirator declarations which it intends to introduce under Fed. R. Evid. 801(d)(2)(E).

In Santiago the Court of Appeals for the Seventh Circuit held that the admissibility of co-conspirator statements may be resolved at trial. Subsequent cases have continued to approve of this practice. United States v. Haynie, 179 F.3d 1048, 1050 (7th Cir. 1999); United States v. McClellan, 165 F.3d 535, 553 (7th Cir. 1999); United States v. Hooks, 848 F.2d 785, 795 (7th Cir. 1988). This practice has been uniformly adopted in this district. See United States v. Morken, Case No. 95-Cr-78, slip op. at 36-37 (E.D. Wis. April 20, 1996); United States v. Nevarez-Diaz, Case No. 97-Cr-211, slip op. at 14-15 (E.D. Wis. Dec. 20, 1997); see also, United States v. Rodriguez, 975 F.2d 404, 409-10 (7th Cir. 1992).

To the extent the government may seek to introduce any statement under Rule 801(d)(2)(E), the admissibility of such statement can be determined at the time of trial. Id. Therefore, the defendant's motion for a pretrial determination of the admissibility of co-conspirator statements will be denied.

**MOTION FOR DISCOVERY AND INSPECTION
CONCERNING THE GOVERNMENT'S USE OF INFORMANTS,
OPERATIVES AND COOPERATING INDIVIDUALS**

The defendant moves this court for an order directing the government to provide him with specific information concerning informants, confidential sources, cooperating individuals and witnesses, among others. The defendant filed his motion pursuant to Fed. R. Crim. P. 16, Roviaro v. United States, 353 U.S. 53 (1957), Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Bagley, 473 U.S. 667 (1985).

- 3 -

At the outset, this court notes the defendant's motion is not accompanied by a statement mandated by Criminal Local Rule 16.1(a) (E.D. Wis.). Criminal Local Rule 16.1(a) states in relevant part:

> If the government is following the open file policy, the government need not respond to and the Court must not hear any motion for discovery under Fed. R. Crim. P. 16(a) or 16(b) unless the moving party provides in the motion a written statement affirming (i) that a conference with opposing counsel was conducted in person or by telephone, (ii) the date of such conference, (iii) the names of the government counsel and defense counsel or defendant between whom such conference was held, (iv) that agreement could not be reached concerning the discovery or disclosure that is the subject of the motion, and (v) the nature of the dispute.

Motions that fail to meet the requirements of such rule are summarily dismissed, although they may be re-filed if a party shows compliance with the rules or satisfactorily explains the previous failure to comply. See United States v. Molinaro, 683 F.Supp. 205, 209 (E.D. Wis. 1988).

Furthermore, at the arraignment, the government indicated that it was following its "open file" discovery policy in this case. The "open file" contains all material discoverable pursuant to Fed. R. Crim. P. 16, as well as exculpatory material discoverable pursuant to Brady, 373 U.S. at 83 and its progency. The defendant does not assert that the government is not following its "open file" policy. Thus, much of the information the defendant seeks is included within the parameters of the government's "open file" policy.

The defendant seeks the names, addresses and criminal records of any informant or witness who the government plans to call to testify at trial. The defendant asserts that at least one informant will be a lead prosecution witness in this case and "may have been a participant in the alleged wrongdoing charged in the indictment." (Defendant's Motion for Discovery and Inspection [Defendant's Motion] at 5). He also seeks information tending to show bias and/or

- 4 -

Case 2:07-cr-00275-CNC    Filed 01/09/08    Page 4 of 8    Document 48

prejudice on the part of these individuals, any agreements the federal or any state government has made with them, any monetary payments made, and other information and documents.

It is well settled that "[t]here is no general constitutional right to discovery in a criminal case, and Brady, which addressed only exculpatory evidence, did not create one." Gray v. Netherland, 518 U.S. 152, 168 (1996) (quoting Weatherford v. Bursey, 429 U.S. 545, 559 [1977]). As part of its "open file" policy, the government agrees to comply with its responsibilities pursuant to Fed. R. Crim. P. 16, Brady, Giglio v. United States, 405 U.S. 150 (1972) and their progeny.

With respect to the defendant's request for the names and addresses of any informant, cooperating individual or witness, the law is clear that the Constitution does not require that a defendant in a noncapital case be provided with a list of all prospective government witnesses. United States v. Napue, 834 F.2d 1311, 1317 (7th Cir. 1987); United States v. Jackson, 508 F.2d 1001, 1006 (7th Cir. 1975). As noted in Napue, the United States Congress rejected a proposal that would have required the government and a defendant to exchange the names and addresses of their witnesses three days before trial. The conference committee expressed concern that such a requirement would discourage witnesses from testifying and would lead to "improper contact directed at influencing their testimony." Id.; see also, United States v. Bouye, 688 F.2d 471, 474 (7th Cir. 1982) (citing H.R. Rep. No. 94-414, 94th Cong., 1st Sess. 12, reprinted in [1975] U.S. Code Cong. & Admin. News 674, 713, 716.) And even when a person is charged with treason or some other capital offense, a list of witnesses need not be furnished if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person. 18 U.S.C. § 3432.

Upon review, the court concludes that the defendant's motion for discovery and inspection is overly broad. Federal Rule of Criminal Procedure does not entitle the defendant to much of the information he has requested. Moreover, the defendant cites no case law supporting many of his requests, such as, for example, his request for information "tending to show that any informant, witness, confidential source or cooperating individual suffers from any material defect in perception, memory, veracity or articulation." (Defendant's Motion at 4).

To the extent the defendant seeks identification of a confidential informant, it is well-established that the government has a limited privilege to withhold the identity of a confidential informant from disclosure. Roviaro, 353 U.S. at 53. "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id. at 59.

The law regarding the disclosure of the identity of a confidential informant was summarized in United States v. Andrus, 775 F.2d 825, 841-42 (7th Cir. 1985):

> In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957), the Supreme Court held that the government's refusal to provide the defendant with the name of a confidential informant who "had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged" infringed the defendant's right to due process of law. Id. at 55, 77 S.Ct. at 625. To determine whether the government is required to disclose the identity of the informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62, 77 S.Ct. at 629. This court has held that Roviaro implied that the

> defendant must establish a genuine need for disclosure before disclosure should be ordered. United States v. Tucker, 552 F.2d 202, 209 (7th Cir. 1977). When the informant is a mere "tipster", rather than a participant or an eye witness to the event in question, disclosure will not be required. United States v. Lewis, 671 F.2d 1025, 1027 (7th Cir. 1982).

See also, United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001); United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994). While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of the assumption that the privilege should apply. Valles, 41 F.3d at 358; see also, Jefferson, 252 F.3d at 941. United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993) (defendant must establish that he "possesses a genuine need of informant disclosure that outweighs the public interest").

In this case, the defendant has not established that he possesses a genuine need for disclosure of the informant that outweighs the interest of the public. See Bender, 5 F.3d at 270. He has not shown that the informant was a transactional witness or a participant in the event, as opposed to being a mere tipster. Accordingly, the defendant's motion for disclosure of the names and addresses of informants, cooperating individuals will be denied.

In sum, for the reasons stated herein, the defendant's motion for discovery and inspection concerning the government's use of informants, operatives and cooperating individuals (Docket #37) will be denied. The defendant's motion for a pretrial of the admissibility of co-conspirator statements also will be denied. (Docket #36).

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that defendant Marcus Meredith's motion for pretrial determination of admissibility of co-conspirator's statements pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence be and hereby is **denied** (Docket #36).

**IT IS FURTHER ORDERED** that defendant Marcus Meredith's motion for discovery and inspection concerning the government's use of informants, operatives and cooperating individuals be and hereby is **denied** (Docket #37).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 9th day of January, 2008.

                              BY THE COURT:

                              s/ Patricia J. Gorence
                              PATRICIA J. GORENCE
                              United States Magistrate Judge